UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOE-73.189.187.56,<br><br>　　　　Defendant. | Case No.  16-cv-01166-DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO TAKE EARLY DISCOVERY AND FOR ADDITIONAL TIME FOR SERVICE**<br><br>Re: Dkt. Nos. 13, 19 |

Plaintiff Dallas Buyers Club LLC moves the court *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) for leave to take discovery prior to the Rule 26 conference so that it may ascertain the identity of the unnamed Doe Defendant in this action. [Docket No. 13.]  Specifically, Plaintiff requests permission to issue an early subpoena to Comcast Cable for subscriber and account information related to the IP address associated with the Doe Defendant.  On May 17, 2016, Plaintiff submitted its proposed subpoena to Comcast for the court's review.  [Docket No. 17 (Proposed Subpoena).]  Plaintiff also moves for additional time to complete service of the Complaint.  [Docket No. 19.]  The court finds these matters appropriate for determination without oral argument.  Civil L.R. 7-1(b).  For the following reasons, the court grants Plaintiff's motions.

**I.　DISCUSSION**

Plaintiff filed this action alleging a single claim of copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq*. against a Doe Defendant identified by its IP address, 73.189.187.56. Plaintiff alleges that it owns the registered copyright for the motion picture *Dallas Buyers Club*. Compl. ¶ 4.  Plaintiff alleges that Defendant distributed, without Plaintiff's permission, a copy of *Dallas Buyers Club* on 23 occasions between February 28, 2016 and March 1, 2016.  *Id*. at ¶¶ 12-15, Ex. 1.  According to Plaintiff, Defendant used the software µ Torrent 3.4.5 on a peer-to-peer sharing network to distribute the motion picture.  *Id*. at ¶¶ 16, 27, 30.

Plaintiff alleges that at the time of the observed infringement, Defendant's IP address was managed by Comcast Cable, which generally assigns an IP address to a single party for extended periods of time. *Id*. at ¶ 21. Based on its use of geolocation technology, Plaintiff alleges that Defendant's IP address is located within the Northern District of California. *Id*. at ¶ 14; Davis Decl., March 29, 2016, ¶¶ 5-10. Further, Plaintiff alleges that the consistency, volume, and titles of the activity associated with Defendant's IP address indicate that Defendant is "an identifiable and singular" adult who is likely the primary subscriber of the IP address or is known to the subscriber. Defendant's activity suggests that Defendant is "an authorized user of the IP address with consistent and permissive access." Compl. ¶¶ 18-20.

Plaintiff filed an ex parte motion seeking leave to issue a subpoena to Comcast Cable, which the court denied without prejudice for failure to comply with local rules. [Docket Nos. 5, 12.] Plaintiff then filed the present motion. It seeks leave to serve a Rule 45 subpoena to Comcast Cable seeking the name and address of the individual or individuals associated with the IP address that the Doe Defendant uses so that it can identify and serve the Defendant. Plaintiff's proposed subpoena seeks "[s]ubscriber information for IP Address 73.189.187.56, Port number 56236, with a Hit Date of 03/01/2016 at 00:45:45 (UST)." Proposed Subpoena.

Although in the Ninth Circuit courts disfavor exceptions to the general rules of discovery, *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citations omitted). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool,*

*Inc.*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067. Courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity so that the court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describes all previous steps taken to identify and locate the defendant; (3) establishes that the suit could withstand a motion to dismiss; and (4) establishes that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process. *Columbia Ins. Co.*, 185 F.R.D. at 578-80.

Here, Plaintiff has shown good cause for its request. Plaintiff has identified Defendant's IP address and submitted a list of the dates and times of the alleged infringing activity. Compl. Ex. 1. Using geolocation technology, Plaintiff has determined that Defendant's physical IP address is in or around San Jose. Davis Decl. ¶ 9. Plaintiff's identification of Defendant is sufficiently specific to enable the court to determine that Defendant is a real person or entity subject to this court's jurisdiction. Plaintiff's efforts to locate Defendant including identifying Defendant's internet service provider, tracing Defendant's IP address to a particular location, and identifying the software Defendant allegedly used to distribute the motion picture. However, Plaintiff cannot identify Defendant through the IP address alone, and needs the requested information from Comcast Cable to identify Defendant. Plaintiff has also shown that the requested discovery is likely to lead to identifying information about Defendant. Comcast Cable generally assigns an IP address to a single party for extended periods of time, and Plaintiff alleges that Comcast Cable's records should be able to identify Defendant or the subscriber who knows Defendant.

Finally, Plaintiff must establish that the complaint can withstand a motion to dismiss. In order to state a claim for copyright infringement, Plaintiff must allege ownership of a valid copyright and that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. §

3

501(a)).  Plaintiff satisfies this requirement by alleging that it holds a valid copyright to *Dallas Buyers Club* and that Defendant distributed the motion picture without its permission.  Accordingly, the court finds that Plaintiff has shown good cause to take early discovery.

## II.   CONCLUSION

For the reasons above, Plaintiff's ex parte motion to take early discovery is granted. Plaintiff is granted leave to serve its proposed subpoena on Comcast Cable.  The subpoena shall include a copy of this order.

It is further ordered that Comcast Cable shall have 14 days from the date of service upon it to serve Defendant with copies of the subpoena and this order.  Comcast Cable and Defendant each shall have 30 days from the date of service to file any motions in this court contesting the subpoena.  If that 30-day period lapses without Defendant or Comcast Cable contesting the subpoena, Comcast Cable shall have 10 days to produce to Plaintiff the responsive information. Comcast Cable shall preserve all subpoenaed information pending its delivery of such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.  No other discovery is authorized at this time.

Plaintiff's motion for a 90-day extension of the deadline to complete service of the Complaint is granted.  The June 15, 2016 Case Management Conference is CONTINUED to August 31, 2016.  The joint case management statement is due by August 24, 2016.

**IT IS SO ORDERED.**

Dated: June 3, 2016



Donna M. Ryu
United States Magistrate Judge